UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILMA M. PENNINGTON-THURMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-1093 CDP |
| ) | |
| BARRY S. SHERMER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff Wilma M. Pennington-Thurman's complaint[1], as well as her motion to proceed in forma pauperis. Also before the Court is plaintiff's motion for injunctive relief. After reviewing plaintiff's complaint pursuant to 28 U.S.C. § 1915[2], the Court will dismiss plaintiff's complaint and deny her request for injunctive relief.

### Background

According to the complaint, filed in this Court on March 24, 2016, as well as this Court's judicial records, on March 29, 2001, plaintiff Wilma Pennington-Thurman executed a Deed of Trust to secure repayment of a debt, for the property located at 8722 Partridge Avenue, St. Louis, Mo, 63147. Plaintiff defaulted on the Deed of Trust and on November 13, 2014, the property was conveyed to Federal Home Loan Mortgage Company by a Trustee's Deed Under Foreclosure.

---

[1] Plaintiff also appears to be attempting to bring this action on behalf of a private entity known as "Wilma Marie Pennington, Inc."

[2] Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious or fails to state a claim upon which relief may be granted. An action is legally frivolous if it is meritless on its face.

On November 3, 2014, Thurman filed an action for unlawful and fraudulent foreclosure against Bank of America and Millsap and Singer, P.C. in the Circuit Court for the City of St. Louis. *See Pennington v. Bank of America*, Case No. 1422-CC09976 (22nd Judicial Circuit, St. Louis City Court). On January 21, 2015, Federal Home Loan Mortgage Corporation filed an unlawful detainer action (following foreclosure) against plaintiff. *See Fed. Home Income Loan Mortgage, Corp. v. Pennington*, No. 1522-AC00946-01 (22nd Judicial Circuit, St. Louis City Court). Plaintiff removed both state court actions to this Court on or about February 2015. *See Bank of America v. Wilma Pennington-Thurman*, 4:15-CV-381 RLW. On September 17, 2015, the Court found that the actions lacked federal court jurisdiction and remanded the actions to St. Louis City Court.

On October 28, 2015, plaintiff filed a lawsuit in this Court against Federal Home Loan Mortgage Corporation and the Federal Housing Finance Agency pursuant to 42 U.S.C. § 1983. See *Pennington-Thurman v. United States*, No. 4:15-CV-1628 (E.D.Mo.). The matter was dismissed as legally frivolous on October 28, 2015.

Plaintiff claims that eviction proceedings began on March 9, 2017, and the St. Louis Sheriff's Department placed an eviction notice on her door on March 23, 2017. She asserts that her eviction date is April 4, 2017. She seeks an injunction to stop the eviction from her home.

### Plaintiff's Claims

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for purported violations of her civil rights against thirty-two (32) named defendants. She has named the judges involved in each of her state legal proceedings, as well as her own lawyers, the defense attorneys, and the law firms of each of the attorneys involved. Plaintiff has also named as defendants, The Honorable Barry Schermer, a bankruptcy Judge in the Eastern District of Missouri, as well as David Sosne,

2

Bankruptcy Trustee. In addition, plaintiff claims that the United States of America and the Federal Housing Finance Agency is also responsible for violations of her constitutional rights. Plaintiff asserts in a conclusory manner that her claims explain the "fraud, conspiracy, corruption and misrepresentation by all Defendants perpetrated against plaintiff's civil rights."[3]

Plaintiff has appealed every decision by this Court, as well as moved to reopen her bankruptcy proceedings in the Eastern District of Missouri, to no avail, in order to stop the upcoming eviction proceedings. She has also appealed the dismissal of her fraud claims against Bank of America, as well as the grant of the unlawful detainer and foreclosure claims to Federal Home Loan Mortgage Corporation. Plaintiff appears to have undertaken every legal proceeding available to her relating to her foreclosure and eviction claims, but she has been unable to stop the proceedings.

## Discussion

Unfortunately, plaintiff's claims in this matter are barred by claim preclusion, or res judicata. Claim preclusion applies against parties who participated in prior proceedings and "had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Regions Bank v. J.R. Oil Co.*, LLC, 387 F.3d 721, 731 (8th Cir. 2004). Under claim preclusion, a final judgment bars any subsequent suit where "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir.

---

[3]Plaintiff has not made any specific allegations against each of the defendants. Her allegations in the complaint are vague and conclusory and do not meet the standards outlined in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950-51 (2009). Plaintiff's complaint simply does not state a plausible claim for relief that all thirty-two (32) "defendants perpetrated" a fraudulent conspiracy of corruption and misrepresentation against her.

1998). The Eighth Circuit interprets the phrase "the same claims or causes of action" to mean claims that arise out of the same nucleus of operative facts. *Banks v. International Union EETSM Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004) (noting the court adopted the position of the Restatement (Second) of Judgments, § 24).

Plaintiff has had ample opportunity to litigate her claims relating to the real parties in interest in this lawsuit – Bank of America and Federal Home Loan Mortgage Corporation - relating to the alleged unlawful foreclosure, unlawful detainer and eviction process. Thus, these claims are barred by the doctrine of claim preclusion  To the extent plaintiff has claims against any of the parties in privity with Bank of America and Federal Home Loan Mortgage Corporation, she had the opportunity to bring those claims in the prior litigation.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** because her claims are barred by the doctrine of res judicata.

**IT IS FURTHER ORDERED** that, alternatively, plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's request for injunctive relief [Doc. #3] is **DENIED**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of April, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE